# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB WICKMAN, | Civil No. 12cv1702 JAH (DHB) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** |
| v. | [Doc. No. 19] |
| AURORA LOAN SERVICES, LLC, *et. al.*, | |
| Defendants. | |

## INTRODUCTION

Pending before this Court is defendant Aurora Loan Services, LLC's ("Aurora") motion to dismiss the complaint. The motion has been fully briefed by parties. After a thorough review of the parties' submissions, and for the reasons set forth below, this Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

## BACKGROUND

Plaintiff originally filed a complaint in Superior Court of California, County of San Diego on June 29, 2012, against Aurora Loan Services, LLC, Aurora Bank, FSB and Does 1 through 20, asserting claims for fraud, negligent misrepresentation, promissory estoppel, and accounting. Complaint (Doc. No. 1-1). Plaintiff alleges he sought to modify his home loan for his property located at 3212 Goldsmith Street, San Diego, California with his loan servicer and was told he had to default on the loan to secure a modification. Relying on the representation, Plaintiff failed to make loan payments, submitted a

modification application and was later told he would not qualify due to his unemployment status. Plaintiff eventually received a Notice of Trustee Sale for the property.

Defendants removed the action to federal court on July 10, 2012. Thereafter, Plaintiff sought a temporary restraining order, which this Court granted. Following a hearing, the Court issued a preliminary injunction and enjoined Defendants and their successors from proceeding with a Trustee's Sale, or otherwise foreclosing, selling or transferring the real property at issue. Defendants now move to dismiss the complaint.

## DISCUSSION

### I. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

## II. Analysis

Defendants argue the complaint should be dismissed because the claims are preempted by federal law, the claims are barred for failure to tender and none of the claims are sufficiently pled.

### A. Preemption

Defendants argue Plaintiff's claims are preempted by the Home Owner's Loan Act ("HOLA"), 12 U.S.C. section 1461, and the regulations promulgated thereunder by the Office of Thrift Supervision ("OTS").

Under 12 CFR §560.2, OTS provides for federal preemption of state law which regulates federal savings associations as follows:

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit

3

12cv1702

activities

Section 560.2(b) sets forth the types of state laws that are preempted by HOLA. Among the ten categories of state laws preempted are those that regulate the following aspects of federal savings associations:

> [t]he terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;

12 CFR §560.2(b)(4). Additionally, state laws purporting to impose requirements regarding "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" are preempted by HOLA. 12 CFR § 560.2(10). State tort laws are not preempted by HOLA, "to the extent that they only incidentally affect the lending operations of Federal savings associations. . ." 12 CFR §560.2(c).

Defendants contend all of Plaintiff's claims are service related and thus, fall within the scope of 12 CFR §560.2(b). Specifically, Defendants argue the basis of Plaintiff's fraud, negligent misrepresentation, and promissory estoppel claims stem from four alleged statements made by ALS loan specialist Daniel to Plaintiff: 1) Defendant promised to work with Plaintiff on a loan modification in good faith; 2) defaulting on the loan would not hurt Plaintiff's credit or cause a less favorable loan modification; 3) representing Plaintiff could qualify for a loan modification; and 4) stating Plaintiff's unemployment status would make it easier to qualify for a modification, which all involve the manner in which Defendant serviced the loan.

Plaintiff argues his claims invoke only the general duty not to engage in fraud in a manner that only incidentally affects lending activities. He contends his claims do not impose additional requirements on Defendants, nor do they depend on the contention that all homeowners are entitled to loan modifications.

In the instant case, Plaintiff's fraud, negligent misrepresentation, and promissory estoppel claims stem from the same allegations, namely Defendants' false statements to Plaintiff regarding a possible loan modification that ultimately caused Plaintiff to default

on his loan, ruined his credit score, and caused him to lose his tenant. Construing all inferences in the light most favorable to the non-moving party, Plaintiff's claims rely on general allegations of misrepresentation and are only incidental to Defendants' lending practices. See Plastino v. Wells Fargo Bank, 873 F.Supp.2d 1179, 1185 (N.D.Cal. 2012). Accordingly, Plaintiff's claims are not preempted by HOLA.

**B.    Tender**

Defendants argue Plaintiff is procedurally barred from bringing this action because he failed to tender the amount due on the mortgage loan prior to bringing the lawsuit.

Generally, tender of the amount owed is a condition precedent to any claim for wrongful foreclosure or challenge to the validity of a foreclosure sale. See Abdallah v. United Savings Bank, 43 Cal.App.4th 1101, 1109 (1996); Arnold's Management Corp. v. Eischen, 158 Cal.App. 3d 575, 578 (1984); Gardner v. Am. Home Mtg. Servicing, Inc., 2010 WL 582117 (E.D.Cal. 2010). This Court notes that the majority of California district courts recognize that plaintiffs seeking to set aside a completed foreclosure must allege the ability to tender. See, e.g., Lipscomb v. Mortgage Elec. Registration Sys., Inc., 2011 WL 3361132 *7 (E.D.Cal. 2011); Davidson v. Countrywide Home Loans, Inc., 2011 WL 1157569 *3 (S.D.Cal. 2011); Grant v. Aurora Loan Services, Inc., 736 F.Supp.2d 1257, 1269-70 (C.D.Cal. 2010); Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp. 2d 1177, 1184 (N.D.Cal. 2009).

Courts have recognized exceptions to the tender rule, such as when it is inequitable to do, when a party is seeking to prevent a sale rather than set aside a completed sale, and where the sale is void rather than voidable. See Tamburri v. Suntrust Mortg., Inc., 2011 WL 6294472 *3 (N.D.Cal. 2011).

In this action, Plaintiff seeks to prevent a sale rather than set aside a completed sale, as such, failure to tender is not fatal to the complaint.

**C.    Sufficiency of Plaintiff's Claims**

Defendant argues each of Plaintiff's claims are "without merit" and seeks dismissal of the complaint with prejudice. Because Defendant seeks dismissal of the claims under

Rule 12(b)(6), the proper inquiry is the sufficiency of Plaintiff's allegations to state the asserted claims. See Navarro, 250 F.3d at 732.

**1.  Fraud**

To state a claim for fraud, Plaintiff must allege: (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) the defendant's knowledge the misrepresentation is false; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damages. Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004).

Defendants argue Plaintiff's claim for fraud is deficient. They contend it is not clear what Plaintiff believes was misrepresented to him, but most likely it was the alleged statements made by Daniel: (1) Plaintiff had to default on the loan in order to be considered for a modification; (2) the default would not affect Plaintiff's credit score; and (3) Plaintiff was more than likely to be approved for a modification given his financial situation. Defendants argue Plaintiff fails to allege the first statement is false, Plaintiff does not identify who made the second statement, and as to the third statement, Plaintiff fails to allege a promise, knowledge of falsity or intent to defraud.

Plaintiff argues the allegations of fraud are sufficiently pled. He contends the claim centers around four misrepresentations: (1) Defendant promised to work with Plaintiff on a loan modification in good faith; (2) Defendant claimed that defaulting on the loan would not hurt Plaintiff's credit score or cause a less favorable loan modification; (3) Defendant represented that Plaintiff could qualify for the loan modification program; and (4) Defendant represented that Plaintiff's unemployment status would make it easier to qualify for loan modification. As to the four statements, Plaintiff argues he alleges Daniel made the statements and he provides the dates of the statements. He further argues he pleads the statements were false when he alleges Defendants refused to work with Plaintiff because he was unemployed and could not qualify for a loan modification. Plaintiff points to specific paragraphs of his complaint and contends he sufficiently pleads knowledge, intent, reliance and damages in support of his claim for fraud.

In his complaint, Plaintiff alleges he spoke with Daniel, when he contacted ALS to inquire about refinancing or a modification. Complaint ¶¶ 20, 21. Plaintiff alleges he informed Defendant ALS of his financial situation including, that he was receiving unemployment assistance, and he had an option to continue leasing his property if he was unable to modify his loan. Id. ¶ 22. After several conversations with Daniel during February 2011, and March 2011, ALS informed Plaintiff that modification was his only option. Id. ¶¶ 21, 23. Daniel stated, in order to work with Plaintiff to secure a modification, Plaintiff would have to default on his loan payments. Id. ¶ 24. Plaintiff did not make his April 2011, May 2011, and June 2011, loan payments in reliance on Daniel's statements. Id. ¶¶ 25, 48. On or about May 15, 2011, Plaintiff received correspondence form ALS informing Plaintiff he was in default and had a reinstatement amount of $5,359.90. Id. ¶ 27. Plaintiff contacted Daniel and stated he could pay the reinstatement amount but Daniel told him that would take him out of default and he would not be eligible for a loan modification. Id. When Plaintiff expressed concern about his credit for defaulting on loan payments, Daniel assured Plaintiff that was "just how the process worked" and the missed payments would not be factored into the terms of the modified loan. Id. ¶ 28. He also alleges Daniel told him being on unemployment would make the loan modification process easier due to financial hardship. Id. ¶ 32. However, in June 2011, an unknown ALS representative told Plaintiff that ALS would not qualify a homeowner loan modification application if the applicant was on unemployment. Id. Plaintiff alleges Defendant's agents knew the statements were false or had no intention of keeping the promises at the time the statements were made. Id. ¶ 48. He further alleges at the time he was told his modification was more than likely to be approved by July 2011, Defendant had a policy they would not modify any loan if the borrower was receiving unemployment benefits. Id. ¶ 49.

Plaintiff does not sufficiently state a claim as to each statement made by Daniel. However, assuming the truth of Plaintiff's non-conclusory allegations and making all reasonable inferences in his favor, Plaintiff sufficiently alleges a claim of fraud based upon

the statement that a loan modification was an option for Plaintiff and he could qualify for a loan modification despite the fact he was receiving unemployment benefits. Accordingly, the motion to dismiss the fraud claim pursuant to Rule 12(b)(6) is denied.

**2.  Negligent Misrepresentation**

Negligent misrepresentation requires the same elements as a claim for fraud, except that the plaintiff is not required to allege intent to induce reliance. Cadlo, 125 Cal.App.4th at 519.

Defendants argue Plaintiff's negligent misrepresentation claim fails because Plaintiff fails to plead a clear misrepresentation or knowledge of falsity. As discussed above, the Court finds Plaintiff sufficiently alleges a misrepresentation and knowledge of falsity.

Defendants also argue the claim fails because Plaintiff fails to allege day-to-day control by Defendants demonstrating a duty owed to Plaintiff by Defendants as required to support a negligent misrepresentation claim. Plaintiff contends Defendants' "arguments do not apply under the facts."

Negligent misrepresentation requires the existence of a legal duty. Eddy v. Sharpe, 199 Cal.3d 858, 864 (1988). "[A] financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Assoc., 231 Cal.App.3d 1089, 1096 (1991. Plaintiff's allegations that Defendants misrepresented his ability to obtain a loan modification despite the fact he was receiving unemployment benefits does not allege conduct that exceeds Defendants' role as a lender of money. As such, Plaintiff fails to state a claim for negligent misrepresentation.

**3.  Promissory Estoppel**

To state a claim for promissory estoppel, a plaintiff must allege: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance. Laks v. Coast Fed. Sav. & Loan Ass'n, 60 Cal. App. 3d 885, 890 (1976).

Defendant argues the claim is subject to dismissal because Plaintiff fails to plead "a promise clear and unambiguous in its terms" as required, promissory estoppel does not apply because the parties' conduct was governed by the deed of trust and the note evidencing the loan, and the statute of frauds bars the claim. Motion at 7.

Plaintiff argues that the promissory estoppel claim rests upon Defendants' promise to engage in the modification process free of intentional misrepresentations and in good faith. Plaintiff also argues that Defendant's statue of frauds argument is misplaced.

Upon review of the complaint, this Court finds Plaintiff fails to allege a promise in clear and unambiguous terms. As such, the claim is subject to dismissal.

**4.  Accounting**

An accounting "may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." Civic Western Corp. v. Zila Industries, Inc., 66 Cal.App.3d 1, 14 (1977). The right to an accounting is derivative of other claims. Janis v. California State Lottery Com., 68 Cal.App.4th 824, 833 - 34 (1998). To state a claim for an accounting, a plaintiff must allege a relationship that requires an accounting and a balance due from the defendant to the plaintiff that can only be ascertained by an accounting. Teselle v. McLouglin, 173 Cal. App. 4th 156, 179 (2009).

Defendants argue that Plaintiff's claim for an accounting fails because there is no fiduciary relationship between lenders and borrowers. Plaintiff argues the special circumstances surrounding Defendants' numerous miscalculations of the loan balance support his claim for an accounting. He further contends a balance is due to him for making payments on the repayment plan.

In his complaint, Plaintiff alleges Aurora sent correspondence informing him the payoff amount of the loan was $818,782.01, which Plaintiff disputed. Complaint ¶ 38. After Plaintiff called Aurora and attempted to negotiate a repayment plan on the past due balance, Aurora sent a notice to Plaintiff on September 14, 2011, informing Plaintiff he had a right to cure for $13,332.22, and sent another notice on September 26, 2011,

informing Plaintiff of his right to cure for $10,407.49.  Id. ¶ 39.  When Plaintiff called to discuss the discrepancies in the cure notices, he could not get a straight answer on what the reinstatement pay-off amount was or how to cure the default.  Id. ¶ 40.  Plaintiff further alleges Defendant Aurora could not determine the proper reinstatement amount and instructed Plaintiff it would set up a payment plan.  Id. ¶ 41.  Although Aurora never informed him of the exact amount required to cure the default, Plaintiff made a $3,000 payment.  Id.  Plaintiff alleges that an accounting is necessary to determine any off-sets between the parties, because the claims asserted will result in an amount owed to him.  Id. ¶ 76.

Plaintiff does not sufficiently allege how an accounting is derivative of the fraud claim, the only surviving claim.  Additionally, while Plaintiff argues there is a balance due to him for making payments on the repayment plan, this is not alleged in the complaint.  As such, Plaintiff fails to sufficiently plead a claim for an accounting.

**5.   Punitive Damages**

Pursuant to California Civil Code §3294(a), a plaintiff may recover punitive damages "in an action ... where it is proven by clear and convincing evidence that defendant is guilty of fraud , oppression or malice. . ."  When seeking punitive damages against corporate entities, a plaintiff must show "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation."  California Civil Code §3294(b).

Defendants argue Plaintiff fails to plead his claim for punitive damages with anything but the most perfunctory and conclusory language and he does not attempt to argue managerial authorization or ratification of the alleged bad acts.  Plaintiff argues his claim complies with California Civil Code sections 3294(a) and (b).  He further argues that he properly argued managerial authority in the complaint when he alleges Daniel was appointed as an ALS loan specialist with the authority to bind ALS.  See Complaint ¶¶ 44, 57.

Plaintiff's allegation that Daniel was provided the authority to bind ALS does not allege authorization or ratification as required to support a claim for punitive damages. Accordingly, the prayer for punitive damages is not sufficiently pled.

### CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Defendant's motion to dismiss the complaint is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** as to the claim for fraud. The motion is otherwise **GRANTED**. Plaintiff's claims for negligent misrepresentation and promissory estoppel, and requests for an accounting and punitive damages are **DISMISSED without prejudice.**

2. If Plaintiff wishes to amend his complaint to address the deficiencies noted above, he shall file a First Amended Complaint **no later than September 12, 2013**.

DATED: August 23, 2013

JOHN A. HOUSTON
United States District Judge